UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAVERNE BATTLE, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )     Civil Action No. 12-2012 (ESH) |
| DISTRICT OF COLUMBIA, *et al.*, | ) <br> ) |
| Defendants. | ) <br> ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff's motion to extend time to effect service of process on defendant Sergeant Kevin Pope. ("Mot.", Jan. 16, 2014 [Dkt. No. 17].) For the forgoing reasons, the Court will grant plaintiff's motion and provide plaintiff thirty days to effect service on Sergeant Pope.

### BACKGROUND

On November 13, 2012, plaintiff filed this action in Superior Court for the District of Columbia against the District of Columbia and Sergeant Pope, her direct supervisor at the Metropolitan Police Department, alleging, *inter alia*, that Sergeant Pope sexually harassed her in violation of Title VII of the Civil Rights Act of 1964.[1] Defendants removed the case to this Court on December 17, 2012. Although plaintiff successfully served the District of Columbia, plaintiff has not effected service on Sergeant Pope.

---

[1] Plaintiff also asserts against both defendants state-law claims of assault, battery, and intentional infliction of emotional distress, as well as a claim of gender-based discrimination under the D.C. Human Rights Act, D.C. Code § 2-1401.01 *et seq*. In addition, plaintiff brings a claim of false imprisonment against Sergeant Pope and of negligent training and supervision against the District of Columbia.

Plaintiff admits that she "suspended efforts to serve Defendant Pope with service of process in anticipation of an Answer being filed on his behalf by" D.C. Office of the Attorney General ("OAG") counsel. (Mot. at 4.) When OAG counsel filed an answer, plaintiff's counsel "did not notice" that the answer was filed *only* on behalf of the District of Columbia (*id.* at 5), despite the fact that the answer states (in bold and underlined capitalized letters) "Defendant District of Columbia's Amended Answer to Plaintiff's Complaint" (Jan. 14, 2013 [Dkt. No. 4] at 1), and the ECF docket identifies the entry as "ANSWER to Complaint . . . by DISTRICT OF COLUMBIA."

Notwithstanding plaintiff's failure to serve him with process, Sergeant Pope has attended depositions, was himself deposed, and appeared at the initial scheduling conference before this Court. (*Id.* at 4.) Plaintiff's counsel discovered his "oversight" regarding Sergeant Pope's service during Sergeant Pope's deposition on November 20, 2013. (*Id.*) On January 16, 2014, 429 days after bringing this action in Superior Court, plaintiff filed the instant motion to extend the time to effect service of process on Sergeant Pope.

**LEGAL STANDARD**

"'Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant.'" *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999)). "Under the federal rules enacted by Congress, federal courts lack the power to assert personal jurisdiction over a defendant unless the procedural requirements of effective service of process are satisfied." *Id.* (internal quotation marks omitted). "Service is therefore not only a means of notifying a defendant of the commencement of an action against him, but a ritual that

2

marks the court's assertion of jurisdiction over the lawsuit." *Id.* (internal quotation marks omitted).

>Federal Rule of Civil Procedure 4(m) provides, in relevant part, that:
>
>If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). A majority of the Courts of Appeals have held that Rule 4(m) sets out a two-step procedure for considering motions to extend the time for service. *See Mann*, 681 F.3d at 375-76. Simply put, "if good cause for the delay is shown, the court *must* extend the time for service, while if good cause is not shown, the court has a choice between dismissing the suit and giving the plaintiff more time." *United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006); *see also, e.g.*, *Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010); *Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *Mann v. Am. Airlines*, 324 F.3d 1088, 1090-91 (9th Cir. 2003); 4B Wright, Miller, & Kane, *Federal Practice and Procedure* § 1137.[2]

A plaintiff bears a heavy burden when attempting to establish "good cause" for failure to effect service of process, *see Mann v. Castiel*, 729 F. Supp. 2d 191, 196 (D.D.C. 2010), and "[m]istake of counsel or ignorance of the rules of procedure usually does not suffice." *Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004) (internal quotation marks

---

[2] Although the D.C. Circuit did not explicitly adopt the two-step procedure in *Mann*, it will be applied here. The text of Rule 4(m) clearly anticipates instances in which a court will extend the time for service even in the absence of "good cause." *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 day . . . the court . . . must dismiss the action . . . *or order that service be made within a specified time*." (emphasis added)). And any ambiguity in the Rule is dispelled by the 1993 Advisory Committee's note on subdivision (m): "The new subdivision . . . authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." *See also Henderson v. United States*, 517 U.S. 654, 662 (1996) (noting in dicta that "courts have been accorded discretion to enlarge the 120-day period even if there is no good cause shown" (internal quotation marks omitted)); *Mann v. Castiel*, 729 F. Supp. 2d 191, 197 (D.D.C. 2010).

omitted). Instead, "[g]ood cause exists when some outside factor . . . rather than inadvertence or negligence, prevented service, for example, a defendant's intentional evasion of service . . . ." *Mann*, 681 F.3d at 374 (internal quotation marks omitted). Further, "a plaintiff must employ a reasonable amount of diligence in determining . . . how to effect service" before good cause may be found. *Prunte v. Universal Music Group,* 248 F.R.D. 335, 338-39 (D.D.C. 2008). In short, "[g]ood cause means a valid reason for delay." *Mann,* 681 F.3d at 375 (internal quotation marks omitted).

The Courts of Appeals split as to whether, in the absence of "good cause," a district court's discretion to extend the time for service "is cabined by Rule 6(b)(2)'s requirement that 'excusable neglect' be found, or by equitable factors." *Mann*, 681 F.3d at 376 (comparing *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005), *with United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006)). Under any standard, however, an extension is inappropriate "when the plaintiff's failure to effect proper service is the result of inadvertence, oversight, or neglect, and dismissal leaves the plaintiff in the same position as if the action had never been filed." *Id.* (internal quotation marks and citations omitted).

## ANALYSIS

Over four hundred days have passed since plaintiff filed this action, and plaintiff failed to file the instant motion for over three hundred days after the initial Rule 4(m) deadline. Clearly, this is no "minor delay" for which a routine extension may be afforded. *See, e.g.*, *Rynn v. Jaffe*, 457 F. Supp. 2d 22, 24 (D.D.C. 2006).

Plaintiff admits that she abandoned efforts to effect service on Sergeant Pope due to her counsel's "oversight" in not realizing that, when OAG filed an answer, it did so *only* on behalf of the District of Columbia. (Mot. at 4-5) Plaintiff attempts to justify her counsel's oversight by

4

noting that OAG counsel had filed a notice of removal and motion for extension of time on behalf of *both* the District of Columbia and Sergeant Pope before filing the answer.[3] (*Id.* at 3-4.) Plaintiff further contends that OAG counsel – by using the plural "Defendants" in the meet and confer statement filed February 21, 2013[4] – and Sergeant Pope – by attending depositions and appearing at the initial scheduling conference – perpetuated her counsel's unwarranted assumption and show that Sergeant Pope would not be prejudiced by an extension. (*Id.* at 4-5.)

These rationalizations provide little in the way of "good cause" for plaintiff's failure to service process on Sergeant Pope. Just as a counsel's unfounded "'assumption' that service was perfected . . . does not constitute 'good cause,'" *Barco Arroyo v. Fed. Emergency Mgmt. Agency*, 113 F.R.D. 46, 49 (D.P.R. 1986), a counsel's unfounded assumption that a defendant has waived objections to service of process by filing an answer or other responsive pleading does not constitute "good cause." *See Naglieri v. Valley Stream Cent. High Sch. Dist.*, 2006 WL 1582144, *1-3 (E.D.N.Y. May 26, 2006) (concluding that a clerical error in plaintiff's counsel's office showing defendant had appeared through answer did not constitute "good cause"). It was apparent from the face of the District of Columbia's answer that Sergeant Pope was not filing an answer to plaintiff's complaint. Counsel's "lack of attention" and "want of care" with regard to reading and understanding the effect of the answer is, at best, of "inadvertence," *see Black's Law*

---

[3] Plaintiff rightly does not contend that, by joining the motion for extension of time to file an answer, Sergeant Pope waived any objections to service of process. *See Mann*, 681 F.3d at 374 (holding that a motion to extend time to answer does not waive any objections to service of process).

[4] Rule 4(m)'s 120-day deadline for service of process had not yet passed at the time of this filing. Thus, it is not surprising that OAG counsel referred to "defendants" in the plural; it was still possible for plaintiff to perfect service on Sergeant Pope without leave of the Court, and Sergeant Pope – although he had filed no dispositive or responsive pleadings in the case – had a clear interest in the case's resolution. In any event, OAG counsel made the filing solely as "Attorneys for the District of Columbia." (Local Rule 16.3 Report, Feb. 21, 2013 [Dkt. No. 9] at at 5-6.)

*Dictionary* 683 (5th Ed. 1979), for which "good cause" cannot be found. *See Mann*, 681 F.3d at 374.

Moreover, "neither actual notice of the action nor absence of prejudice to [Sergeant Pope] is alone sufficient to support a finding of 'good cause' under the Rule; plaintiff must demonstrate diligence in attempting to complete service." *In re City of Philadelphia Litig.*, 123 F.R.D. 512, 514 (E.D. Pa. 1988) (collecting cases). Plaintiff has failed to demonstrate any such diligence. After initial attempts to serve Sergeant Pope at a former address in Virginia, plaintiff resorted only to "[i]nternet searches" and did not attempt to serve Sergeant Pope at another potential address in Maryland. (Mot. at 5 n.2) Plaintiff concedes that she purposefully terminated efforts at effecting service only three months into the action (*id.* at 4) and has not contended, let alone demonstrated, that Sergeant Pope purposefully evaded those short-lived efforts. Because plaintiff has failed to carry her burden of demonstrating that something beyond her control, *see Mann*, 681 F.3d at 374, prevented her from effecting service on Sergeant Pope, the Court cannot find that she has shown "good cause" requiring an extension of time to effect service.

Accordingly, the Court turns to whether it should exercise its discretion to extend plaintiff's time for service.[5] In considering whether to exercise such discretion, courts have considered many factors, including: (1) the time since plaintiff's claims against defendant were filed; (2) whether plaintiff has made good-faith efforts to serve defendant with process; (3)

---

[5] Although still an open question in this Circuit, *see Mann*, 681 F.3d at 376, the Court does not consider itself bound by Rule 6(b)'s "excusable neglect" requirement for post-deadline extensions. Rule 4(m) requires the Court to extend service deadlines upon a finding of "good cause" and authorizes the Court to "direct that service be effected within a specified time" in the absence of good cause. Fed. R. Civ. P. 4(m). In contrast, Rule 6(b) is much less generous, explicitly limiting extensions "on motion made after the time has expired" to cases of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Court accordingly agrees with the Seventh Circuit that Rule 6(b)(1)(B) comes into play "only if the plaintiff failed to meet the new deadline [under Rule 4(m)] and filed a motion for an extension of time." *McLaughlin*, 470 F.3d at 700 (citing Ninth and Eleventh Circuit cases); *cf.* Committee Notes to 1993 Amendments, Rule 4(m) (noting that discretionary relief now "authorized" under Rule 4(m) "formerly was afforded in some cases, partly in reliance on Rule 6(b)).

whether the statute of limitations would bar a re-filed action; (4) whether dismissal without prejudice would otherwise substantially prejudice plaintiff; (5) whether defendant has actual notice of the lawsuit; (6) whether the defendant attempted to conceal the defect in or otherwise evade service; and (7) whether defendant would be prejudiced by excusing plaintiff from the 120-day deadline.. *See Mann*, 729 F. Supp. 2d at 198-99; *Naglieri*, 2006 WL 1582144, *3; *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001); *Goodstein v. Bombardier Capital, Inc.*, 167 F.R.D. 662, 666 (D. Vt. 1996); *see also* Committee Notes to 1993 Amendments, Rule 4(m).

Weighing the factors most applicable to this case, the Court concludes that a brief extension of the deadline to serve process is warranted. To be sure, plaintiff's failure to serve Sergeant Pope with process for over *four hundred days* based solely on assumptions lacking basis in fact and in law is inexcusable. Whether labeled "inadvertence, oversight, or neglect," *Mann*, 681 F.3d at 376, this failure weighs heavily against granting plaintiff's motion.

However, plaintiff would face significant prejudice if the Court denied her motion and, as required by Rule 4(m), subsequently dismissed her claims against Sergeant Pope. The pendency of an action tolls statutes of limitations, but "once a suit is dismissed, even if without prejudice, the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." *Ciralsky v. C.I.A.*, 355 F.3d 661, 672 (D.C. Cir. 2004) (internal quotation marks omitted). As a result, "when a suit is dismissed without prejudice, the statute of limitations is deemed unaffected by the filing of the suit, so that if the statute of limitations has run the dismissal is effectively with prejudice." *Id.* (internal quotation marks omitted). In this case, even though dismissal pursuant to Rule 4(m) would be without prejudice, plaintiff would be

time-barred from re-filing her claims against Sergeant Pope under the applicable statutes of limitations. The ninety-day filing deadline under Title VII, *see* 42 U.S.C. § 2000e-16(c), has undoubtedly run since plaintiff filed her complaint in November of 2012. *See Ciralsky*, 355 F.3d at 672. Likewise, because the latest allegedly tortious and discriminatory acts in plaintiff's complaint occurred in June of 2010, the statute of limitations will also have run on each of her state-law claims. *See* D.C. Code § 12-301(4) (defining one-year statute of limitations for actions alleging assault, battery, and false imprisonment); D.C. Code § 2-1403.16(a) (defining a one-year statute of limitations for D.C. Human Rights Act claims); *Rynn*, 457 F. Supp. 2d at 24 (concluding that an intentional infliction of emotion distress claim premised on the same conduct as claims covered by D.C. Code § 12-301(4) is subject to a one-year limitations period).[6]

In contrast, it appears that Sergeant Pope would face little-to-no prejudice if the Court extended plaintiff's opportunity to serve process. Sergeant Pope has been aware of the suit since it was initially filed in Superior Court, *see Fed. Home Loan Mortgage Corp. v. Dutch Lane Assoc.,* 775 F.Supp. 133, 138 (S.D.N.Y.1991), and he has participated in portions of the case (including depositions) as if he were a party. *See Goodstein*, 167 F.R.D. at 667. Moreover, Sergeant Pope, for over three hundred days, has sat on his right to move to dismiss the claims against him for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5).

Accordingly, because the prejudice to Sergeant Pope of an extension will be minimal, and a dismissal of plaintiff's claims against Sergeant Pope functionally would effectively amount to one with prejudice, the Court will grant plaintiff thirty days to perfect service of process on Sergeant Pope. *See Goodstein*, 167 F.R.D. at 667 (extending time to serve defendant where

---

[6] The Court notes, however, that plaintiff's state-law claims may *already* be barred by the applicable statutes of limitations, as this action was filed more than one year after Sergeant Pope's last allegedly tortious action. Nonetheless, to the extent that defendants have not moved to dismiss those claims as time-barred, dismissing the case as to Sergeant Pope would in fact prejudice plaintiff.

8

plaintiff had failed to serve defendant for nearly two years). This extension also comports with this Circuit's strong preference in "favor of resolution of genuine disputes on their merits." *See Jackson v. Beech*, 636 F.2d 831, 832 (D.C. Cir. 1980).

Nonetheless, because service of process "is not some mindless technicality," *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 65 (D.D.C. 2011), and plaintiff's attempts to perfect service have been inexcusably nonexistent, the Court will not grant plaintiff an additional extension unless she can show that Sergeant Pope is evading service. Instead, plaintiff must effect service on Sergeant Pope, and file proof thereof with the Court, within thirty days of this date.[7] Failure to do so shall result in the dismissal of all claims against Sergeant Pope. For these reasons, it is hereby

**ORDERED** that plaintiff's motion to extend time [Dkt. No. 17] is **GRANTED**; it is further

**ORDERED** that plaintiff must effect service of process on defendant Kevin Pope, and file proof thereof with the Court, by March 31, 2014; it is further

**ORDERED** that plaintiff's motion to compel [Dkt. No. 16] is **HELD-IN-ABEYANCE** pending plaintiff's service of process on defendant Kevin Pope.

**SO ORDERED**.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: February 28, 2014

---

[7] Because the Court's consideration of plaintiff's pending Motion to Compel (Jan. 16, 2014 [Dkt. No. 16]) may turn, in part, on whether Sergeant Pope is a defendant or a third-party to this case, the Court will hold that motion in abeyance pending plaintiff's service of process on Sergeant Kevin Pope.

9