UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LAVERNE BATTLE, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | Civil Action No. 12-2012 (ESH) |
| DISTRICT OF COLUMBIA, *et al.*, | | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action against the District of Columbia and Sergeant Kevin Pope, her direct supervisor at the Metropolitan Police Department, alleging, *inter alia*, that Sergeant Pope sexually harassed her in violation of Title VII of the Civil Rights Act of 1964. As one example of that sexual harassment, plaintiff alleges that in June 2010 Sergeant Pope sent a picture message of his left hand holding his penis to her cellular phone. Having produced a color copy of the photograph for the Court's *in camera* inspection, plaintiff seeks to compel Sergeant Pope to produce a photograph of his left hand and penis for the purpose of comparison. (Mot. to Compel Production of Physical Evidence ("Mot."), Jan. 16, 2014 [Dkt. No. 16].)

"For good cause, the court may order discovery of any matter relevant to the subject matter involved in [an] action." Fed. R. Civ. P. 26(b)(1). Plaintiff argues, and defendant does not contest, that a photograph of Sergeant Pope's left hand and penis would be relevant because it would tend to disprove or prove a material fact in the case: whether Sergeant Pope sent the lewd picture message to plaintiff's cell phone and contributed to the allegedly sexually hostile work environment at the Metropolitan Police Department. (*See* Mot. ¶ 4.)

However, "relevancy alone does not entitle a requesting party to *carte blanche* in discovery." *Smith v. Café Asia*, 246 F.R.D. 19, 20 (D.D.C. 2007). Although Rule 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), the Court retains the discretion under the Rule to balance plaintiff's need for discovery against defendant's valid privacy concerns. *Café Asia*, 246 F.R.D. at 21-22; *see also Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 35 n. 21 (1984) (noting that although Rule 26 "contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule."); *Burka v. U.S. Dep't of Health and Human Servs.,* 87 F.3d 508, 517 (D.C.Cir.1996) (balancing "the requester's need for the information from this particular source, its relevance to the litigation at hand . . . and the harm which disclosure would cause to the party seeking to protect the information").

Defendants argue that compelling Sergeant Pope to submit a photograph of his left hand holding his penis would be unjustifiably dehumanizing and embarrassing for him. (*See* Opp'n to Mot. to Compel, Feb. 10, 2014 [Dkt. No. 22] at 2.) Plaintiff asserts that any risk of embarrassment to Sergeant Pope maybe adequately addressed prior to trial. (Reply to Motion to Compel, Feb. 17, 2014 [Dkt. No. 24] at 2.) In so arguing, plaintiff incorrectly assumes that Rule 26's implicit privacy protections are limited to the evidence's ultimate use at trial. *Cf. Howard v. Historic Tours of Am.*, 177 F.R.D. 48, 51 (D.D.C. 1997) ("This shame and embarrassment [regarding plaintiff's sexual history] exists equally at the discovery stage as at trial and is not relieved by knowledge that the information is merely sealed from public viewing.") The

requirement that Sergeant Pope produce the requested photograph is *alone* dehumanizing and embarrassing, notwithstanding whether the photograph is ever presented to a jury.

While good cause may necessitate analogous discovery in another case, the full discovery requested by plaintiff is not supported by the evidence before the Court at this time. Importantly, this is not a case where a party seeks to discover the content of lewd photographs that defendant allegedly shared with co-workers. *See Café Asia*, 246 F.R.D. at 22. Instead, plaintiff has the lewd photograph but lacks evidence to support her allegation that Sergeant Pope sent it to her.[1] According to the government's undisputed representations in its opposition, plaintiff received a new cell phone less than two days before she received the lewd picture message, which came from a phone number traced to Indiana. (Opp'n at 4.) Because plaintiff cannot connect Sergeant Pope to the cell phone number, she attempts to connect him to the lewd photograph based on her sworn assertion that "there is a strikingly close resemblance between Sgt. Pope's left thumb and forefinger and the same body parts depicted" in the photograph. (Aff. of Laverne Battle, Feb. 14, 2014 [Dkt. No. 24-1] at 1.) After *in camera* review of the grainy, poorly-lit photograph at issue, the Court is skeptical of plaintiff's confidence that a photograph of Sergeant Pope's penis would be of any comparative value.[2] Nor is the Court satisfied that there is no less intrusive alternative to requiring Sergeant Pope to produce a photograph of his penis.[3] The Court

---

[1] At his deposition, Sergeant Pope denied that the photograph depicted any part of his hand or penis or that he had ever taken or allowed someone else to take a photograph of his penis. (Dep. of Kevin Pope, Nov. 20, 2013 [Dkt. No. 16-2] at 122-26.)

[2] Plaintiff has not provided any evidence that the lewd photograph is clear and detailed enough, or that the hand or penis depicted are distinctive enough, to provide for effective comparison to another photograph.

[3] It is unclear why it is not possible to identify who owned the phone from which the picture message was sent. After all, the ownership of the phone – not the identity of the person depicted in the photograph – is the central disputed issue.

3

accordingly concludes that plaintiff's request is too speculative at this point to overcome defendant's privacy interests.

However, Sergeant Pope's salient privacy interests do not extend to his hand, which is routinely subject to public view. Accordingly, the Court will grant plaintiff's motion in part and order Sergeant Pope to produce to the plaintiff and submit to the Court for *in camera* review a photograph of his left hand (including thumb and forefinger) held in a similar position as that in the photograph at issue. (Reply at 2 n.1.)[4] The Court will also hold in abeyance any ruling on plaintiff's motion to compel Sergeant Pope to produce a photograph of his penis.

For these foregoing reasons, it is hereby

**ORDERED** that plaintiff's motion compel [Dkt. No. 16] is **GRANTED** in part; it is further

**ORDERED** that defendant Kevin Pope must by May 8, 2014, produce to plaintiff and submit to the Court for *in camera* inspection a photograph of his left hand (including thumb and forefinger) positioned in a manner similar to the hand in the photograph marked as Exhibit 1 to Plaintiff's Motion to Compel; it is further

**ORDERED** that any photographs produced as a result of this Order shall be treated as Confidential Information contemplated by the Protective Order [Dkt. No. 13] previously issued in this case.

**SO ORDERED**.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: April 24, 2014

---

[4] Contrary to plaintiff's request, Sergeant Pope will not be required to "pose" for "photo-documenting" by plaintiff's counsel. (Mot. at 10.)

4