UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LAVERNE BATTLE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Civil Action No. 12-2012 (ESH) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

# MEMORANDUM OPINION

Before this Court is plaintiff's motion for a new trial. (Motion for New Trial [ECF No. 76] ("Pl.'s Mot.").) For the reasons stated herein, the motion will be denied.

## BACKGROUND

Plaintiff Laverne Battle brought this suit against the District Columbia and Sergeant Kevin Pope, her direct supervisor at the Metropolitan Police Department, alleging, *inter alia*, that Sergeant Pope sexually harassed her in violation of Title VII of the Civil Rights Act of 1964 and the D.C. Human Rights Act ("DCHRA"), and that Sergeant Pope's harassment constituted an intentional infliction of emotional distress. (*See* Compl. for Monetary Damages [ECF No. 1-1].) Following a four-day trial, the jury returned a verdict finding defendants liable on Count 2 ("Intentional Infliction of Emotional Distress"), but not on Count 1 ("Hostile Work Environment"). (Verdict Form [ECF No. 72] at 1-2.) The jury awarded plaintiff $4,091. (*Id.* at 3.)

Plaintiff objects to the jury's verdict, arguing that it is inconsistent and against the weight of the evidence, and requests a new trial. (Pl.'s Mot. at 2.) Defendants respond that the verdict

is reconcilable and supported by the evidence and, moreover, this Court should reconsider its previous ruling and hold that plaintiff's intentional infliction of emotional distress claim is barred by the statute of limitations. (*See* Defs.' Opp. to Pl.'s Mot. for a New Trial [ECF No. 79] ("Defs.' Opp.") at 1-2.)

## ANALYSIS

### I. LEGAL FRAMEWORK

Federal Rule of Civil Procedure 59(a) provides that the Court may grant a new trial on all or some of the issues raised in a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "Generally, a new trial may only be granted when a manifest error of law or fact is presented." *In re Lorazepam & Clorazepate Antitrust Litig.*, 467 F. Supp. 2d 74, 87 (D.D.C. 2006). "The jury verdict stands unless the evidence and all reasonable inferences that can be drawn therefrom are so one-sided that reasonable men and women could not disagree on the verdict." *Youssef v. F.B.I.*, 687 F.3d 397, 403 (D.C. Cir. 2012) (internal quotation marks omitted). "The burden of showing that a new trial is warranted in accordance with [this] rigorous standard rests with the moving party." *Czekalski v. Sec'y of Transp.*, 577 F. Supp. 2d 120, 122 (D.D.C. 2008) (internal quotation marks omitted).

### II. INCONSISTENT VERDICTS

Plaintiff contends that "[t]he verdict in favor of the defendant on the plaintiff[']s hostile work environment claim is inconsistent with the verdict in favor of the plaintiff on her claim for intentional infliction of emotional distress." (P. & A. in Supp. of Pl.'s Mot. for a New Trial [ECF No. 76] ("Pl.'s Mem.") at 4-5.) In particular, plaintiff points out that, for the jury to have found liability on the intentional infliction of emotional distress count, it must have found that

"defendant Pope's conduct directed at the plaintiff was extreme and outrageous." (*Id.* at 5; *see also* Jury Instructions [ECF No. 65] ("Instructions") at 29.) She further observes that liability on the hostile work environment claim required a finding that the harassment was "severe and pervasive." (Pl.'s Mem. at 5; *see also* Instructions at 26.) Plaintiff argues that "proof of extreme and outrageous conduct of a sexual nature would itself equate to unlawful sexual harassment." (Pl.'s Mem. at 5.) Arguing that "the verdict cannot be reconciled," plaintiff urges this Court to "set aside both verdicts and award[] a new trial." (Pl.'s Mem. at 7 (quoting *District of Columbia v. Tulin*, 994 A.2d 788, 798 (D.C. 2010).)

Defendant first contends that "[p]laintiff waived the right to claim verdict inconsistency because she never objected at the time the jury delivered the verdict." (Defs.' Opp. at 4.) Plaintiff responds that the Federal Rules do not impose a contemporaneous objection requirement for Rule 59 motions. (*See* Pl.'s Reply to the Defs.' Opp. to Pl.'s Mot for New Trial [ECF No. 80] ("Pl.'s Reply") at 4.) The parties agree that the D.C. Circuit has not resolved this issue.[1] (*See* Defs.' Opp. at 5; Pl.'s Reply at 3.) Nevertheless, the consensus view appears to be that a party waives any objection to inconsistent general verdicts[2] by failing to timely object. *See Cash v. Cty. of Erie*, 654 F.3d 324, 342-43 (2d Cir. 2011) (holding that an objection to an inconsistency between general verdicts was "waived by defendants' failure to raise an

---

[1] *See Hundley v. District of Columbia*, 494 F.3d 1097, 1103 n.2 (D.C. Cir. 2007) ("This Court has not resolved whether we can consider an inconsistent verdict claim, other than for plain error, when a party failed to object in any way before the district court's entry of judgment. In light of the repeated objection to the written interrogatory in this case, . . . we again need not reach that question." (citation omitted)).

[2] The parties agree that the verdicts in this case were general and did not include factual interrogatories. (Pl.'s Mot. at 1 n.1; Defs.' Opp. at 3; *see also Mason v. Ford Motor Co.*, 307 F.3d 1271, 1274 (11th Cir. 2002) ("A general verdict is a 'verdict by which the jury finds in favor of one party or the other, as opposed to resolving specific fact questions.'" (quoting *Black's Law Dictionary* 1555 (7th ed. 1999))).)

inconsistency objection before the district court discharged the jury"); *Mason*, 307 F.3d at 1274 ("[I]f the jury rendered inconsistent general verdicts, failure to object timely waives that inconsistency as a basis for seeking retrial . . . ."); *Wennik v. PolyGram Grp. Distribution, Inc.*, 304 F.3d 123, 130 (1st Cir. 2002) (holding, in the context of a potential inconsistency between general verdicts, that "[i]t is well-established that a party confronted by an inconsistent jury verdict has an obligation to call the inconsistency to the trial judge's attention"); *Machesney v. Larry Bruni, P.C.*, 905 F. Supp. 1122, 1132 & n.15 (D.D.C. 1995) (finding an objection to inconsistent general verdicts waived where the party did not object to the jury instructions or the verdict itself prior to jury discharge). The Court is persuaded by these authorities. Requiring contemporaneous objection "promote[s] the efficiency of trials by allowing the original deliberating body to reconcile inconsistencies without the need for a new presentation of evidence to a different body." *Fernandez v. Chardon*, 681 F.2d 42, 58 (1st Cir. 1982). The parties were given an opportunity to object after the jury delivered its verdict and failed to do so. Plaintiff's objection is therefore waived.

   Waiver notwithstanding, defendants argue that the verdicts are reconcilable. (*See* Defs.' Opp. at 6-9.) In particular, they point out that the hostile work environment count required a finding that the harassment was "based on plaintiff's sex," which was not an element of the intentional infliction of emotional distress claim. (Defs.' Opp. at 8; *see also* Jury Instructions at 26, 29-30.) Thus, defendants contend that "it is quite possible that the jury concluded that although there was harassment, this harassment had nothing to do with Plaintiff's gender." (Defs.' Opp. at 8.) They make a similar argument about the fourth element of the hostile work environment count, which required the jury to find "that the harassment was so severe and pervasive as to affect a term, condition, or privilege of employment." (Jury Instructions at 26.)

In the Rule 49 context, the D.C. Circuit has held that "[c]laims that a jury verdict is internally inconsistent 'impose a special obligation on the court to view the evidence in a manner that reconciles the verdicts if possible, and to grant a new trial if not.'" *Hundley*, 494 F.3d at 1102 (quoting *Smith v. District of Columbia*, 413 F.3d 86, 97 (D.C. Cir. 2005)). Other circuits have applied similarly charitable interpretations to potentially conflicting general verdicts. *E.g.*, *Connelly v. Hyundai Motor Co.*, 351 F.3d 535, 540 (1st Cir. 2003) ("Before disregarding a verdict, we must attempt to reconcile the jury's findings, by exegesis if necessary." (internal quotation marks omitted)); *Mosley v. Wilson*, 102 F.3d 85, 90 (3d Cir. 1996) (holding that courts have a "duty to attempt to read the verdict in a manner that will resolve inconsistencies" (quoting *City of Los Angeles v. Heller*, 475 U.S. 796, 806 (1986) (Stevens, J., dissenting))); *Vaughan v. Ricketts*, 950 F.2d 1464, 1471 (9th Cir. 1991) ("[W]here inconsistent verdicts are alleged, the test is not whether there was substantial evidence for the jury's conclusion, but whether it is *possible to reconcile* the verdicts.").

The verdicts here are reconcilable. The jury could have concluded that plaintiff suffered harassment constituting intentional infliction of emotional distress, but that the harassment was not based on plaintiff's sex. Plaintiff contends that "all of the evidence showed that defendant Pope's conduct was either directly sexual in nature or heavily tinged with sexual overture." (Pl.'s Mem. at 7.) Plaintiff provides no citation to or discussion of the trial record to support this assertion, and the Court's own review of the record reveals several accusations by plaintiff that could have been construed as harassment not based on any protected characteristic. For example, plaintiff complained that Sergeant Pope frequently gave her undesirable assignments where she was isolated and could not leave without being relieved by another officer. Plaintiff also alleged that Sergeant Pope once entered an office she was in and locked the door behind

him, which made her feel uncomfortable. And finally, plaintiff claims that Sergeant Pope once grabbed her around the waist and pulled on her ponytail. To be sure, the jury could have accepted plaintiff's interpretation that these incidents were sexually motivated. But it did not have to.[3] This Court is obligated to "view the evidence in a manner that reconciles the verdicts if possible," *Smith*, 413 F.3d at 97, and the Court concludes that the jury could have found plaintiff liable for intentional infliction of emotional distress without finding that the harassment plaintiff suffered was based on her sex. *See Sizer v. Rossi Contrs., Local 731 Teamsters 5*, No. 98-C-6967, 2002 U.S. Dist. LEXIS 13086, at *11-12 (N.D. Ill. July 17, 2002) ("Not all outrageous conduct is discriminatory. People may, unfortunately, treat one another horribly for any number of reasons, or for no reason at all. On that basis alone, it is evident that a jury could view one set of facts and conclude that a plaintiff was the victim of outrageous conduct designed to inflict severe emotional distress, but also conclude that the outrageous conduct had nothing to do with plaintiff's status in a protected class."). The Court will therefore deny plaintiff's motion for a new trial based on a claim of verdict inconsistency.[4]

---

[3] To give just one possible alternative explanation, several witnesses described plaintiff as "quiet," but Sergeant Pope was described as a "jokester" and "playful." The jury could have believed that Sergeant Pope's actions, although inappropriate, owed to a clash of personality types and not to plaintiff's sex.

[4] In light of the above, the Court need not address defendants' argument that inconsistent general civil verdicts do not necessitate a new trial. (*See* Defs.' Opp. at 2-3.) However, the Court does note the D.C. Circuit's observation that "[i]n both the civil and criminal contexts, courts have held that inconsistency alone is not a sufficient basis for setting aside a jury verdict." *Pitt v. District of Columbia*, 491 F.3d 494, 506 (D.C. Cir. 2007); *see also Heller*, 475 U.S. at 805 (Stevens, J., dissenting) ("[A] court retains the authority, even in a civil case, to allow an apparently inconsistent verdict to stand."); *Cash*, 654 F.3d at 343 ("[A]ny inconsistency between general verdicts . . . would not necessarily require retrial."); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003) ("We have found no Supreme Court or Ninth Circuit cases in which an appellate court has directed the trial court to grant a new trial due to inconsistencies between general verdicts, and Ninth Circuit precedent dictates that we cannot do so."); *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 407 (3d Cir. 2000) ("Inconsistent jury verdicts are an unfortunate fact of life in law, and should not, in and of themselves, be used

### III.  SUFFICIENCY OF THE EVIDENCE

Plaintiff also argues that the jury's finding of no liability on the hostile work environment count was against the weight of the evidence.  In support of this assertion, plaintiff contends that "defendant[s'] star witness, Sgt. Jamison Logan, revealed how tortuous defendant Pope's conduct had been by the [e]ffect it had on the plaintiff" and that "[t]he plaintiff was so distraught that Sgt. Jamison Logan refuse[d] to let the plaintiff return[] to work."  (Pl.'s Mem. at 8.)

The Court concludes that there was more than sufficient evidence to support the jury's verdict.  As discussed *supra*, the jury could have found that any harassment plaintiff suffered was not based on her sex.  Moreover, the majority of plaintiff's evidence consisted of her own testimony, most of which was not corroborated by any other witness.  Indeed, several of plaintiff's coworkers, including Tara Resper and Alexia Jones, testified that they never saw Sergeant Pope act inappropriately.[5]  "[I]t is the province of the jury to weigh the credibility of competing witnesses . . . ."  *Kansas v. Ventris*, 556 U.S. 586, 594, n. (2009).  The evidence in this case was certainly not so "one-sided that reasonable men and women could not disagree on the verdict."  *Youssef*, 687 F.3d at 403 (internal quotation marks omitted).  The Court will therefore deny plaintiff's motion for a new trial based on the sufficiency of the evidence.

### IV.  STATUTE OF LIMITATIONS

---

to overturn otherwise valid verdicts.").  The Court finds these authorities persuasive and would adopt their rationale assuming, *arguendo*, that the verdicts were inconsistent.

[5] Plaintiff also overstates the significance of Sergeant Logan's testimony.  Sergeant Logan did not testify that she witnessed any untoward behavior by Sergeant Pope, but merely that plaintiff came to her to report Sergeant Pope's harassment and that plaintiff was "visibly upset" in doing so.  This testimony is of only marginal relevance on the issue of liability.

Finally, defendants renew their argument that plaintiff's intentional infliction of emotional distress claim "is barred by the statute of limitations."[6] (Defs.' Opp. at 9.) Their rationale is that, even though an intentional infliction of emotional distress claim would typically have a three year statute of limitations, if such a claim is "intertwined with any of the causes of action for which a period of limitation is specifically provided," the intentional infliction claim assumes the statute of limitations of the predicate tort. *Saunders v. Nemati*, 580 A.2d 660, 664-65 (D.C. 1990). Defendants contend that plaintiff's intentional infliction claim is intertwined with the hostile work environment claim, which, under the DCHRA, has a one-year statute of limitations. *See* D.C. Code § 2-1403.04(a). Defendants concede that plaintiff's DCHRA claim is timely because it was tolled during the pendency of her administrative complaint, but they argue that "a pending administrative complaint does not toll the statutory period for a plaintiff's common law claims." (Defs.' Opp. at 11 (citing *Cornish v. District of Columbia*, No. 13-cv-1140, 2014 WL 4583637 (D.D.C. Sept. 16, 2014); *Adams v. District of Columbia*, 740 F. Supp. 2d 173 (D.D.C. 2010)).)

Plaintiff responds that defendants' request for relief is untimely. (Pl.'s Reply at 1.) The Court agrees. Defendants had 28 days after the entry of judgment to renew their motion for judgment as a matter of law or to request a new trial on this matter. Fed. R. Civ. P. 50(b), 59(b). Judgment in this case was entered on March 2, 2015. (Judgment on the Verdict [ECF No. 74].) Defendants did not file their memorandum in opposition until April 28, 2015. The Court will therefore not disturb the jury's verdict in favor of plaintiff on the intentional infliction of emotional distress claim.[7]

---

[6] The Court denied a similar motion by defendants before trial began.

[7] The Court would again deny defendants' motion in any case. The cases cited by defendants do not deal with the situation at hand, where the claims are intertwined and the common law claim

8

**CONCLUSION**

For the foregoing reasons, the Court will deny plaintiff's motion for a new trial [ECF No. 76]. A separate Order accompanies this Memorandum Opinion.

/s/ *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date: May 22, 2015

---

assumes the statute of limitations of the predicate tort. The D.C. Court of Appeals has explained that the purpose of this doctrine is to prevent plaintiffs from using artful pleading to improperly extend the prescribed statute of limitations. *See Saunders*, 580 A.2d at 661. No such abuse would occur by allowing the statute of limitations for plaintiff's intentional infliction claim to toll along with the intertwined DCHRA claim. Indeed, failing to do so would recreate a mismatch in limitations periods.